# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC SCOTT THOMAS, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:16-cv-00960-LSC-JEO |
| WARDEN WALTER MYERS and THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Petitioner Eric Scott Thomas filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The magistrate judge filed a report on February 22, 2019, recommending that the petition be denied. (Doc. 15). Thomas filed objections to the report and recommendation on March 6, 2019. (Doc. 16). Upon consideration, the court finds that the objections are due to be overruled, his request for relief denied, and this action dismissed with prejudice.

Thomas initially argues in his objections that the magistrate judge and the Alabama Court of Criminal Appeals ("ACCA") "overlooked or misapprehended several issues" and that the report omits "several facts" with regard to his first claim – the conviction on the assault charge operated as an acquittal on the murder charge. (*Id.* at 2-6). He also argues that Claim 5 – ineffective assistance of

counsel – is "viable," but only to the extent the ineffective assistance of trial and appellate counsel claims therein "are directly tied to Claim 1." (*Id.* at 1, 6-7).

I. **DISCUSSION**

   A. **Claim 1**

The magistrate judge recommended that Claim 1 be denied as procedurally defaulted or, in the alternative, on the merits. (Doc. 15 at 28-31).[1] Thomas declares Claim 1 raises a viable jurisdictional double jeopardy claim because his conviction for the lesser-included offense of first degree assault as to victim Debra Holley operated as an acquittal on the greater offense of murder of Dickey Holley.[2] However, as explained by the magistrate judge, "[t]he jury convicted Thomas of two distinct crimes against two individuals: the first degree assault of Debra Holley and the murder of Dickey Holley. As such, the two-count indictment against Thomas was not multiplicitous and his prosecution and conviction for both offenses does not implicate any double jeopardy concerns." (Doc. 15 at 30) (citing *Iannelli v. United States,* 420 U.S. 770, 786 n. 17 (1975); *Blockburger v. United*

---

[1] The recommendation refers to claim 2, but the context of the report shows that to be a scrivener's error.

[2] Thomas asserts "assault can be a lesser included offense of murder" and that "conviction of a lesser included offense is express acquittal of the greater offense." (Doc. 16 at 2) (citing *Johnson v. State*, 675 So. 2d 85 (Ala. Crim. App. 1995), *reversed* 843 So. 2d 812 (Ala. 2002), and *Heard v. State*, 999 So. 3d 992 (Ala. 2007), respectively). However, neither the facts nor the holdings in these cases pertain to first degree assault as a lesser included offense of *murder* in a multi-victim case.

2

*States*, 284 U.S. 299, 304 (1932)). Further, Ala. Code "§§ 13A-1-8(b)[3] and 15-3-8[4] allow for more than one prosecution and conviction when more than one person is injured as a result of a single criminal act." *McKinney v. State*, 511 So. 2d 220, 225 (Ala. 1987) (footnote alterations supplied). This objection is without merit.

Next, Thomas agrees with the magistrate judge that his "argument concerning the transferred intent doctrine and multiplicitous indictment are disjointed" and "the indictment is of little or no issue." (Doc. 16 at 2). Despite this concession, Thomas declares his transferred intent argument is a way to "explain[]" why his conviction for the assault of Debra Holley results in an acquittal of the murder of Dickey Holley. (*Id.* at 2-3). In so doing, he relies on *Carter v. State*, 843 So. 2d 807 (Ala. Crim. App. 2001), a case the Alabama Supreme Court reversed, *see* 843 So. 2d 812 (Ala. 2002).

Thomas cannot bootstrap his transferred intent argument into a viable jurisdictional double jeopardy claim. Indeed, under the facts of his case, the transferred intent argument is no more than a procedurally defaulted due process claim wholly distinct from the jurisdictional double jeopardy claim.

---

[3] Section13A-1-8(b) reads, "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense."

[4] Section 15-3-8 reads, in *pare materia*, "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

In his report, the magistrate judge correctly noted that

> Thomas's transferred intent argument does not implicate double jeopardy concerns. To the extent it could be argued that due process concerns are implicated, the trial court effectively found that the doctrine applied during jury charge discussions. (Doc. 8-20 at 100). Transferred intent involves solely a question of state law. "A state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

(Doc. 15 at 30-31 n. 7).

Addressing Thomas's objection, it is true that the Alabama Supreme Court resolved a transferred intent question in *Carter v. State*, 843 So. 2d 812 (Ala. 2002); regardless, the decision is based on legal and factual circumstances wholly distinct from Thomas's case. Furthermore, the *Carter* decision did not involve a jurisdictional double jeopardy question at all, much less a double jeopardy claim that necessarily intersected with a separate due process claim involving transferred intent.

The pertinent facts underlying *Carter* are as follows. Carter, her boyfriend, and her good friend Johnson became involved in an altercation with several individuals, including Marcus Cephas. *Id.* at 813. Carter hit Cephas as her boyfriend fought him and Cephas knocked her to the ground. *Id.* Carter picked up a gun lying on the ground and began firing. *Id.* She shot and killed Cephas and her friend Johnson and wounded her boyfriend. *Id.* A jury convicted Carter of the

4

provocation manslaughter of Cephas and the intentional murder of Johnson. *Id.* The Alabama Court of Criminal Appeals reversed the convictions, holding that "under the doctrine of transferred intent, a defendant can[not] be convicted of an offense as to the unintended victim that is greater than the offense the convicted of with respect to the intended victim." 843 So. 2d at 813. Thomas specifically points to the following excerpt from the appellate court's opinion: "when the intent was transferred from Cephus to Johnson so did the degree of the offense and any available defenses." (Doc. 16 at 3 (quoting *Carter*, 843 So. 2d at 811) (holding that Carter's culpability for the death of Johnson was limited to provocation manslaughter)). The State appealed and the Alabama Supreme Court reversed, holding that provocation under Alabama law did not negate Carter's specific intent to kill Cephas, but instead lessened or excused Carter's guilt in the eyes of the law. *Carter*, 843 So. 2d at 815-816. Because "[n]o provocation existed to lessen the guilt" as to Johnson's murder, the Alabama Supreme Court found no inconsistency in the jury's verdicts and directed the Alabama Court of Criminal Appeals to affirm Carter's conviction for the intentional murder of Johnson. *Id.* at 816.

Unlike *Carter*, Thomas's convictions do not involve transferred intent in the context of two *murders* prosecuted under the same statutory provision. *See* Ala. Code § 13A-6-2(a)(1) ("A person commits the crime of murder if . . . [w]ith intent to cause the death of another person, he or she causes the death of that person or of

5

another person."). Instead, his convictions arise from the separate statutory provisions of murder (*id.*) and assault (*see* § 13A-6-20(a)(1) ("A person commits the crime of assault in the first degree if. . . [w]ith intent to cause serious physical injury to another person, he . . . causes serious physical injury to any person by means of a deadly weapon or dangerous instrument.")).

Each of these statutory provisions contains 'transferred intent' language. *Id.* As pertains to Thomas, the indictment charged that he "did intentionally cause the death of another person, Dickey Holley, by shooting him with a pistol, in violation of Section 13-6-2" and that he "did, with intent to cause serious physical injury to another person, cause serious physical injury to Debra Holley by means of a deadly weapon, or a dangerous instruction, to wit: a pistol, in violation of Section 13-6-20." (Doc. 8-1 at 3)(emphasis supplied). Thus, the State prosecuted only the first degree assault charge under a transferred intent theory.

The "culpable mental state" for both murder and first degree assault is "intentionally." *See* § 13A-2-2(a)("A person acts intentionally with respect to a result or to conduct described by a statute defining an offense, when his purpose is to cause that result or to engage in that conduct."); §13A-2-1(6) (defining "culpable mental state" as meaning "intentionally, or knowingly, or recklessly, or with criminal negligence, as these terms are defined in Section 13-2-2"). Under Alabama law, intent to commit murder or first degree assault can be inferred from

6

the use of a deadly weapon, such as a pistol. *Henderson v. State*, 248 So. 3d 992, 1006 (Ala. Crim. App. 2017) (citing *Sparks v. State*, 75 So. 2d 103 (Ala. 1953)).

True to the language in the indictment, the trial court only provided the transferred intent instruction with regard to the assault charge stating as follows:

> As to the assault charge involving Debra Holley, the State is proceeding under the theory of what is called 'transferred intent,' okay? Generally, in every case, the State must prove the defendant acted with intent. However, in this case, the State, or the prosecution, maintains that, while the defendant did not necessarily have the intent to assault Debra Holley, he did have the intent to harm [Dickey] Holley, and then the law allows the State to prove the intent to harm one person, even though his intent was, perhaps, to harm another. Stated another way, if I intend to harm Roy, my bailiff, but I'm a bad shot, and I harm someone else, instead, out in the audience, the law does not excuse that simply because I'm a poor shot.

(Doc. 8-21 at 7). The jury found Thomas guilty of both counts as charged in the indictment. Thomas has not pointed to any Alabama precedent that prohibits or rejects transferred intent in a case involving the same factual and statutory provisions at issue. The trial court's interpretation of transferred intent as applied to the circumstances in Thomas's case is supported by the statutory provision previously discussed. To the extent *Carter* has any application to Thomas's case whatsoever within the transferred intent context, it is this: "Alabama appellate courts have repeatedly held that the defendant's *liability* for the unintended consequences of a criminal act is in the same degree as it would have been had his aim been true and the intended target been injured or killed." 843 So. 2d at 814

7

(emphasis supplied). Because the culpable mental state for both of Thomas's charges was intentional conduct, the trial court correctly applied the transferred intent doctrine to the first degree assault charge. The jury did not render mutually exclusive and inconsistent verdicts,[5] much less mutually exclusive or inconsistent verdicts that would also intersect with and offend jurisdictional double jeopardy principles.

For all of the foregoing reasons, Thomas's objections to the report and recommendation as to Claim 1 are due to be overruled.

**B.    Claim 5**

Thomas objects to the magistrate judge's report and recommendation that the ineffectiveness claims against trial and appellate counsel for failure to object or raise the multiplicitous indictment and his subjection to double jeopardy as an issue are procedurally defaulted, or in the alternative, meritless. (Doc. 16 at 3) (citing Doc. 15 at 46-47, 49). As to ineffective trial counsel, Thomas takes issue with the magistrate judge's report that "the ACCA did not unreasonably determine the petition contained no specific facts to show a reasonable probability that the

---

[5] *Compare Martinez v. State*, 989 So. 2d 1143, 1145 (Ala. Crim. App. 2006) (holding that jury returned mutually exclusive and inconsistent verdicts when it found the defendant guilty reckless assault in the second degree of one victim and criminally negligent homicide of three victims predicated on motor vehicle accident that occurred when intoxicated defendant ran stop sign and hit another vehicle).

outcome of his trial would have been different had counsel objected to the indictment as multiplicitous." (*Id.*) (citing Doc. 15 at 47).

Thomas claims that the supporting allegation for this claim – that he had fired five shots and the murder victim had five entry wounds and two exit wounds so the assault victim had to be injured by a bullet fired at the murder victim – were the only facts he had to support this claim. (*Id.* at 3-4). He declares that the ACCA should also have considered the following allegation he raised in the single 'transferred intent' claim he made in his amended Rule 32 petition: "by finding Thomas guilty of first degree assault by transferred intent, lessened his intent to kill to intent to cause serious physical injury." (*Id.* at 4 (Doc. 27-8 at 16)). He asks this court to review his trial testimony where he testified that he did not know how Debra had been wounded. (*Id.*). Finally, he states that the magistrate judge's examination of the underlying substantive claim should be considered. (*Id.* at 4-5 (citing Doc. 15 at 29-31)).

Thomas's objections are due to be overruled. First and foremost, neither the trial transcript, the magistrate judge's examination of the substantive 'multiplicitous indictment' 'double jeopardy' claim, nor Thomas's Rule 32 claim concerning 'transferred intent' can be included among the allegations considered in support of his discrete ineffective trial counsel claim. For purposes of federal habeas review, this court can only examine "the contours" of the ineffective trial

9

counsel claim as alleged in Thomas's Rule 32 petition. *Cullen v. Pinholster,* 563 U.S.170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); *Powell v. Allen,* 602 F.3d 1263, 1273 (11th Cir. 2010)(when the state court dismisses a claim as insufficiently specific under Rule 32, a habeas court may "look only to the allegations in [petitioner's] Rule 32 petition and whether those allegations sufficiently state a claim for ineffective assistance of counsel).

Thomas supported this ineffective trial counsel claim in his Rule 32 petition by asserting, "If a person does a single act which results in the injury or death or more than one person only one offense can be fastened on him. Thomas fired five times. Mr. Holley had five entry wounds and 2 exit wounds. If Debra Holley was struck by a bullet it had to pass through Dickey Holley first." (Doc. 8-27 at 41-42 (case law citation omitted)). The Alabama Court of Criminal Appeals' denial of the claim on the merits as insufficiently specific was not contrary to or unreasonable application of clearly established federal law.

As for his ineffective assistance of appellate counsel claim, Thomas points to no factual or legal errors undercutting the magistrate judge's report that the claim is procedurally defaulted. The Alabama Court of Criminal Appeals determined that he had failed to properly raise the claim before the trial court as

required by Alabama procedural rules. Thus, he could not raise the claim for the first time during his collateral appeal. (Doc. 15 at 46).

## III. CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, Thomas's objections are **OVERRULED** and the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **FINDS** that Thomas's claims for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 are due to be **DENIED** and this action is due to be dismissed. **DISMISSED WITH PREJUDICE**. A certificate of appealability is due to be **DENIED**. An order consistent with these findings will be entered.

**DONE** AND **ORDERED** ON JUNE 28, 2019.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

11